CATHERINE F. STUCKER and THOMAS F. DALTON, as Executors, etc., of THOMAS J. DALTON, Deceased, Respondents, v. THE CITY OF NEW YORK, Appellant.— Order of the Appellate Term affirming a judgment of the Municipal Court unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ.

EASTBURN W. TAYLOR, Respondent, v. THE HOLMES SILK COMPANY, Appellant.— Order granting plaintiff's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concurred.

VICTORY CONTRACTING CORPORATION, Respondent, v. PASQUALE TROTTA, Defendant, and MARYLAND CASUALTY COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

JOHN WILLIAM WARD, an Infant, by JOSEPH HAGENDORN, His Guardian ad Litem, Respondent, v. CHARLES O. BAUMANN, Appellant. (Action No. 1.)— The plaintiff rested his case upon his testimony, and that of the boy whom he was carrying on the handlebars of his bicycle, to the effect that he was driving upon the dirt at the side of the asphalt pavement of the road, and three and a half feet therefrom when he was struck from the rear by the defendant's automobile. That evidence is inherently improbable, and is contradicted not only by the chauffeur, whose testimony may have been biased, but by the testimony of three disinterested witnesses who all concur that defendant's machine was proceeding upon the asphalt and not on the dirt when plaintiff's bicycle was struck. A finding that plaintiff was struck while riding on the dirt at the side of the asphalt is against the weight of the evidence. Rejecting therefrom the plaintiff's claim that he was in the dirt at the side of the asphalt pavement when struck by defendant's car, the following facts were presented to the jury: The plaintiff was carrying another boy upon the handlebars of his bicycle in violation of the statute (Laws of 1917, chap. 655, § 19, subd. 3, being Consol. Laws, chap. 70, and known as the General Highway Traffic Law), and his bicycle was, therefore, in an unstable state of equilibrium. It was unlighted, in violation of section 19, subdivision 4, of the same statute, except that, according to the testimony of the plaintiff, he carried a small electric flashlight in his left hand. So handicapped in the management of the bicycle, he swerved from the dirt in front of the approaching automobile, and was struck notwithstanding the efforts of defendant's chauffeur to avoid him. From these facts an inference of negligence on the part of the chauffeur and of freedom from contributory negligence on the part of plaintiff cannot properly be drawn. Judgment and order reversed and new trial granted, costs to abide the event. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

FREDERICK O. WARD, Respondent, v. CHARLES O. BAUMANN, Appellant. (Action No. 2.)— Judgment and order reversed and new trial granted, costs to abide the event, on authority of *Ward* v. *Baumann, No. 1 (ante,* p. 898), decided herewith. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.